UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KANETRA WHYTE** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **SHIXIN PAN, RUN DA EXPRESS, INC., AND SECURITY NATIONAL INSURANCE COMPANY** | * | **MAGISTRATE JUDGE:** |
| | * | |
| | * | **JURY DEMAND** |
| | * | |
| | * | |

*******************************************************************************

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE, defendants, Shixin Pan ("Pan"), Run Da Express, Inc. ("RDE"), and Security National Insurance Company ("Security National") (collectively "Defendants"), hereby submit this Notice of Removal of the state court action referenced herein to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332, 1441, and 1446. In support of this removal, Defendants respectfully aver as follows:

## BACKGROUND

I.

On April 11, 2022, plaintiff, Kanetra Whyte, ("Plaintiff") filed a Petition for Damages entitled "*Kanetra Whyte v. Shixin Pan, Run Da Express, Inc., and Security National Insurance Company*" bearing suit number 2022-3172, in Civil District Court for the Parish of Orleans, State of Louisiana.[1]

II.

Plaintiff asserted personal injury claims arising out of a motor vehicle accident that occurred on April 29, 2021 between vehicles operated by Plaintiff and Pan. Plaintiff alleges both

---

[1] See Plaintiff's Petition for Damages, attached as Exhibit A.

her and Pan were traveling eastbound on Interstate 10 when Pan negligently entered her lane of travel, causing the subject collision.[2]

III.

Pan and RDE were both served with a certified copy of the Petition for Damages in accordance with Louisiana's long-arm statute (La. R.S. 13:3201 *et seq*.). Security National was served with the Petition for Damages on May 13, 2022.[3]

**DIVERSITY OF CITIZENSHIP**

IV.

Pursuant to 28 U.S.C. § 1332, this court has jurisdiction over this matter based upon complete diversity of citizenship among the Plaintiff and properly joined and served defendants.

V.

The Petition alleges that Plaintiff is a resident of Orleans Parish. Accordingly, Plaintiff is considered a citizen of Louisiana for the purposes of diversity jurisdiction.

VI.

The Petition alleges RDE is a foreign corporation domiciled in the State of California. RDE is a corporation organized under the laws of the State of California with its principal place of business in California. Accordingly, RDE is a citizen of California for the purposes of diversity jurisdiction.

---

[2] Exh. A.
[3] *Hibernia Cmty. Dev. Corp., Inc. v. U.S.E. Cmty. Servs. Group, Inc.*, 166 F.Supp.2d 511, 513 (E.D.La.2001) (holding that the 30-day clock does not run until insurer "actually received the plaintiffs' petition" regardless of when statutory agent was served).

VII.

Pan is a resident and citizen of the State of California as alleged by Plaintiff in her Petition.[4] Accordingly, Pan is a citizen of California for the purposes of diversity jurisdiction.

VIII.

Security National is and was incorporated in the State of Delaware and maintains its principal place of business in Texas, both at the time of filing and at the time of removal. Thus, for purposes of citizenship, Security National is a citizen of Delaware and Texas.

IX.

Based on the face of the Petition, complete diversity exists between the parties.

**AMOUNT IN CONTROVERSY**

X.

Nonetheless, the Petition was not removable on its face, because it did not affirmatively assert that the amount in controversy was sufficient to invoke federal jurisdiction.

XI.

Notices of removal are governed by 28 U.S.C. §1446(b), which provides that, "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleadings or summons… to file the notice of removal."[5] Further, under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant…of…other paper from which it may first be ascertained that the case is one which is or has become removable."[6]

---

[4] Exh. A.
[5] 28 U.S.C. §1446(b).
[6] *Id*; see also *Ashley v. Apollo Marine Specialties, Inc.*, No. CV 04-1109, 2005 WL 8174016, at *1 (E.D. La. Mar. 31, 2005).

XII.

Removal based on a copy of an amended pleading, motion, order or other paper must be "unequivocally clear and certain" to start the time limit running for a notice of removal under the second paragraph of section 1446(b).[7]

XIII.

Jurisprudence from the United States Fifth Circuit affirmatively establishes discovery responses and interrogatory answers qualify as "other paper" under the federal removal statute, notifying a defendant of an action's removability and triggering the 30-day removability period.[8]

XIV.

To qualify as "other paper" for purposes of removal, the discovery response must be "unequivocally clear and certain" so that a defendant may ascertain the action's removability.[9]

XV.

Specifically, the United States Fifth Circuit Court of Appeal has found that a plaintiff's interrogatory answer that his damages were in excess of the jurisdictional limit qualified as "other paper" triggering the 30 day removal clock.[10]

XVI.

Moreover, the United States District Court for the Eastern District of Louisiana has held that a defendant's failure to remove within 30 days after receipt of a plaintiff's interrogatory

---

[7] *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).
[8] *Cole ex rel. Ellis v. Knowledge Learning Corp.*, 416 F. App'x 437, 440 (5th Cir. 2011); *Leboeuf v. Texaco*, 9 F. Supp. 2d 661, 664 (E.D. La. 1998); *Vincent v. Silver Cinema's, Inc.,* 1998 WL 274242 (E.D.La.), (defendants' receipt of an interrogatory response put them on notice of removability of action); *Gullage v. KMart Corp.,* 1996 WL 255919 (E.D.La.), (the court found the cause of action was not removable until the defendant was put on notice by plaintiff's interrogatory response).
[9] *Cole ex rel. Ellis*, 416 F. App'x at 440, citing *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).
[10] *Chapman v. Powermatic, Inc.*, 969 F2d 160 (5th Cir. 1992).

responses stating that damages exceed the jurisdictional amount has been deemed untimely and procedurally defective.[11]

XVII.

On June 6, 2022, undersigned counsel received initial discovery responses from Plaintiff.[12] In response to Interrogatory No. 11, which asked Plaintiff whether the amount in controversy exceeded $75,000, she unequivocally answered: "Whyte responds that the amount in damages exceed $75,000."[13]

XVIII.

If Plaintiff's clear assertion that the amount in controversy exceeds $75,000 was not enough evidence standing alone to satisfy the amount in controversy, Plaintiff's claimed injuries, medical treatment, and medical expenses satisfy the amount in controversy requirement for federal diversity jurisdiction. In response to Interrogatory No. 7, Plaintiff provided that she has received radio frequency ablations.[14] To date, Plaintiff claims $30,777.49 in past medical expenses incurred.[15]

XIX.

Based on Plaintiff's written discovery responses, the extent of the claimed injuries, known medical treatment to date, recommended medical treatment moving forward, and medical expenses incurred to date, the amount in controversy for the claims of Plaintiff exceeds the $75,000.00 jurisdictional limit for a diversity case.

---

[11] *Williams*, 2019 WL 581517, at *3 (E.D. La. Feb. 13, 2019).
[12] See Plaintiff's Answer to Interrogatories and Response to Request for Production of Documents, attached hereto as Exhibit "B".
[13] Exh. B, Response to Interrogatory No. 11.
[14] See Exh. B, Answer to Interrogatory No. 7.
[15] See Exh. B, Answer to Interrogatory No. 10.

## REMOVAL IS PROPER

XX.

Notices of removal are governed by 28 U.S.C. §1446(b), which provides that, "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleadings or summons… to file the notice of removal." Further, under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant…of…other paper from which it may first be ascertained that the case is one which is or has become removable." Here, Security National was not served with the initial pleading, the Petition for Damages, until May 13, 2022. However, Defendants could not be unequivocally certain that the damages exceeded $75,000 based on the allegations contained in the Petition. Defendants were first provided Plaintiff's written responses to the initial discovery requests and medical records on June 6, 2022. Thus, Security National removed this matter within 30 days of receipt of these documents, and within one year of this suit being filed. Accordingly, the instant removal is timely.

XXI.

The United States Court for the Eastern District of Louisiana is the federal judicial district embracing Civil District Court for the Parish of Orleans, State of Louisiana, where suit was originally filed. Venue is therefore proper in this district court pursuant to 28 U.S.C. § 1441(a).

XXII.

Since there is complete diversity of citizenship between Plaintiff and Defendants and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this court has jurisdiction over the civil action pursuant to 28 U.S.C. § 1332 and 1367. Accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. § 1441 and 1446.

XXIII.

Defendants have good and sufficient defenses to the Plaintiff's claims for relief and dispute all rights to the relief prayed for in Plaintiff's Petition for Damages.

WHEREFORE, defendants, Shixin Pan, Run Da Express, Inc., and Security National Insurance Company, pray that the above-entitled cause on the docket of Civil District Court for the Parish of Orleans, State of Louisiana, be removed from that Court to the docket of the United States District Court for the Eastern District of Louisiana and for trial by jury and other determinations as required by law.

Respectfully submitted,

/s/ Derrick A. Jusczak
Paula M. Wellons, La. Bar No. 19028
pwellons@twpdlaw.com
Derrick A. Jusczak, La. Bar No. 36523
djusczak@twpdlaw.com
TAYLOR, WELLONS, POLITZ & DUHE, LLC
1555 Poydras Street, Suite 2000
New Orleans, Louisiana 70112
Telephone: (504) 525-9888
Facsimile: (504) 525-9899

*Counsel for Shixin Pan, Run Da Express, Inc., and Security National Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System. I further certify that I mailed the forgoing document and notice of electronic filing by first-class mail to all counsel of record who are not participants in the CM/ECF system on this 8th day of June, 2022.

/s/ Derrick A. Jusczak
TAYLOR, WELLONS, POLITZ & DUHE, LLC