2022-03172

**J**

Section 15

## ORLEANS PARISH CIVIL DISTRICT COURT
## STATE OF LOUISIANA

CASE NO.: _____     SECTION: _____

### KANETRA WHYTE

### VERSUS

### SHIXIN PAN, RUN DA EXPRESS, INC., AND SECURITY NATIONAL INSURANCE COMPANY

FILED: _____     DEPUTY CLERK: _____

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes plaintiff Kanetra Whyte, a person of the full age of majority and a resident of and domiciled in the Parish of Orleans, State of Louisiana, who avers and alleges as follows:

I.

Made defendants herein are:

A. Shixin Pan ("Pan"), a person of the full age of majority who is a resident of El Monte, State of California.

B. Run Da Express, Inc ("Express"), a California corporation incorporated in El Monte, California and doing business in Orleans Parish, Louisiana.

C. Security National Insurance Company, ("Security National"), a foreign insurance company domiciled in the State of Delaware and licensed to do and doing business in the Parish of Orleans, State of Louisiana.

II.

Shixin Pan, III, Run Da Express, Inc, and Security National Insurance Company (collectively the "Defendants") are jointly, severally, and *in solid* liable to plaintiff for damages complained of herein for the following reasons, to wit:

III.

This matter arises out of a vehicular collision between plaintiff and Defendant Pan, which occurred in Orleans Parish, Louisiana on or about April 29, 2021. Venue is proper because the accident occurred in Orleans Parish, Louisiana.

E-Filed

**EXHIBIT A**

VERIFIED
Debbie Ciaccio
2022 APR 11  P 12:52

Case 2:22-cv-01676-BWA-KWR Document 1-2 Filed 06/08/22 Page 2 of 10

2022-03172

J
Section 15

FILED
2022 APR 11 P 12:35
CIVIL
DISTRICT COURT

IV.

Plaintiff Whyte was involved in a driver-side collision with an 18-wheeler that was traveling Eastbound on Interstate 10 near the "Louisa" exit, mile marker "W239". Traffic had come to halt due to a shooting on the high-rise bridge which is located on Interstate 10 immediately after the Louisa exit. Traffic was being directed to Louisa Street, which was the nearest exit. Plaintiff Whyte was stopped in the right exit lane for Louisa Street when the 18-wheeler, California license plate number "YP10933", driven by Defendant Pan struck Plaintiff Whyte's vehicle. The defendant's vehicle was in the middle lane, directly adjacent to plaintiff's vehicle. The 18-wheeler was attempting to exit at the Louisa exit on Interstate 10.

V.

The passenger's side stair case of Defendant Pan's 18-wheeler sliced into Plaintiff Whyte's driver's side quarter panel, in between the rear tire and driver door. The collision was so forceful that it sliced into the metal latching the semi-truck on to Plaintiff Whyte's vehicle. The 18-wheeler continued forward, dragging Plaintiff Whyte's vehicle alongside the 18-wheeler for a significant distance before Defendant Pan realized he was dragging Plaintiff Whyte's vehicle.

VI.

Plaintiff Whyte immediately called the police to report the collision and requested assistance. Defendant Pan appeared sympathetic and claimed responsibility for the collision when the police arrived. According to New Orleans Police Department incident report number "D-39856-21", Pan Shixin, the driver of vehicle one stated "my truck hit her car." The driver of vehicle two, Plaintiff Whyte, stated "the interstate was blocked off by police with overhead lights and all traffic was merging into the right lane to exit the interstate." The police report further states that Defendant Pan "the driver of vehicle one merged into the right lane of travel from the middle lane of travel and struck her vehicle." The officer issued the driver or vehicle one, Pan Shixin, a citation for "154-400, relative to reasonable vigilance".

Case 2:22-cv-01676-BWA-KWR  Document 1-2  Filed 06/08/22  Page 3 of 10

2022-03172

J
Section 15

FILED
2022 APR 11  P 12:35
CIVIL
DISTRICT COURT

VII.

The night of the accident Plaintiff Whyte began experiencing significant pain throughout her neck and spinal region. The next morning, on April 30, 2021, Plaintiff Whyte underwent radiographs at Ochsner Urgent Care. The pain did not subside which caused Plaintiff Whyte to seek treatment with Dr. Haydel of Medical Rehabs in Metairie, Louisiana.

VIII.

Various tests and examinations revealed that Plaintiff Whyte was suffering from multiple symptoms such as: headaches, neck pain, cervical spine pain, thoracic spine pain, lumbar, sacral spine pain and right shoulder pain. According to Dr. Haydel's initial report, it is his finding "that the functional dynamics of the collision as described by the patient, physical exam findings and positive orthopedic tests imply that more probable than not the above listed symptoms and diagnoses are the result of the collision which occurred on the above referenced date."

IX.

Upon physician recommendations, Plaintiff Whyte underwent MRIs and a "SPEC" scan. Diagnostic Imaging Services (D.I.S.) performed the MRI's and the "SPECT" scan dated August 10, 2021. The radiologist describes "increased uptake about the C2-C6 vertebral bodies on the cervical study about the T11-S1 vertebral bodies on the lumbar study".

X.

Plaintiff Whyte was referred to Dr. Rodriguez of L.A. Health Solutions while being treated simultaneously at Medical Rehabs. Dr. Rodriguez diagnosed Plaintiff Whyte with "cervical facet syndrome (causing axial neck pain), lumbosacral facet joint syndrome (causing axial lower back pain) and bilateral sacroiliitis."

XI.

Dr. Rodriguez treated Plaintiff Whyte's pain, but these treatments only provided temporary relief. Dr. Rodriguez stated, "given the failure of this patient's axial pain to improve with activity modification, medications, physical therapy, and the concordant pain with palpation and loading of facet joints on examination, I recommend proceeding with medial branch blocks."

Case 2:22-cv-01676-BWA-KWR Document 1-2 Filed 06/08/22 Page 4 of 10

2022-03172

J

Section 15

FILED
2022 APR 11 P 12:35
CIVIL
DISTRICT COURT

XII.

Surgeon Chadwick Murphy of L.A. Health Solutions, ordered procedure branch blocks "after deeming it appropriate for diagnostic and therapeutic purposes". According to LA Health operative report dated October 12, 2021, Plaintiff Whyte underwent a "right L2, L3, L4 medial branch blocks and L5 dorsal primary ramus block for facet joints: L3/4, L4/5, and L5/S1." Due to the degenerative nature of the injuries, Plaintiff Whyte was instructed to follow up as needed. Currently, Plaintiff Whyte is experiencing mild pain and discomfort in her neck and spine. It is likely that the pain will worsen in the future and require Plaintiff Whyte to undergo additional treatment to correct and alleviate the pain and treat any other symptoms caused by the above-mentioned collision.

XIII.

At all times herein mentioned, Plaintiff's vehicle was lawfully operated in a reasonable and prudent manner with due caution and in regard with all motor vehicle laws of the State of Louisiana. Defendant Pan did not operate his vehicle in a reasonable and prudent manner or within the confines of the motor vehicle laws of Louisiana.

XIV.

As a result of defendants' negligence, plaintiff has suffered the following damages to her person and property including but not limited to:

A. Damage to motor vehicle
B. Past, present, and future physical pain and suffering;
C. Past, present, and future mental anguish and emotional distress;
D. Medical expenses;
E. Loss of present and future earning capacity;
F. Disability;
G. Loss of enjoyment of life and disruption of family life;
H. Neck pain, back pain, shoulder and head pain; and
I. Any other damages shall be obtained through discovery and/or proved at trial.

Case 2:22-cv-01676-BWA-KWR   Document 1-2   Filed 06/08/22   Page 5 of 10

2022-03172

J

Section 15

FILED
2022 APR 11  P 12:35
CIVIL
DISTRICT COURT

XV.

Defendant Pan was negligent in this matter in the following non-exclusive respects:

A. Following too closely;

B. Failure to operate vehicle in a careful manner;

C. Failure to maintain a proper lookout;

D. Failure to maintain one lane of travel and/or to signal lane change

E. Failure to maintain control of his vehicle;

F. Failure to see what he should have seen;

G. Failure to comply with applicable ordinances and laws;

H. Inattentive or distracted;

I. Failing to take appropriate action or avoid or mitigate the accident, when, in the exercise of due care he should have had ample time and opportunity to do so;

J. Violating motor vehicle and traffic laws of the State of Louisiana and the Parish of Orleans;

M. Other acts of fault and negligence shall be obtained through discovery and/or proven at trial.

XVI.

Defendant Run Da Express, Inc. was negligent in this matter in the following non-exclusive respects

A. Negligent hiring and entrustment

B. Failure to supervise, institute, promulgate, train, and impose appropriate guidelines and restrictions in the use of automobiles; and

C. Other acts of fault and negligence shall be obtained through discovery and/or proved at trial.

XVII.

**DEFENDANT PAN'S' NEGLIGENCE**

Defendant Pan had a duty to act reasonably and use due care while driving. Defendant Pan had a duty to pay attention to traffic, to maintain a proper lookout, to obey traffic control devices, to obey the laws and rules of the State of Louisiana, to maintain proper speed for the conditions, to reduce the speed of his truck to avoid an accident, to maintain a proper distance between vehicles, to maintain his vehicle within his lane, to pay full time and attention to the operation of his vehicle and to avoid a collision. Defendant breached his duty to act reasonably

5

Case 2:22-cv-01676-BWA-KWR Document 1-2 Filed 06/08/22 Page 6 of 10

2022-03172

J

Section 15

FILED
2022 APR 11 P 12:35
CIVIL
DISTRICT COURT

and to use care when he struck plaintiff, who was stopped, with an 18-wheeler. Defendant Pan had a duty to act as a reasonable and prudent motorist who would have acted under the same or similar circumstances.

Under Louisiana law, any person injured through the fault of another is entitled to full indemnification for his or her damages. *See* La. C.C. art. 2315 and Wainwright v. Fontenot, 00-492, (La. 10/17/00), 774 So.2d 70; see also *Simon v. State Farm Mut. Auto. Ins. Co.*, 2009-1083 (La. App 3 Cir. 6/9/10), 43 So.3d 990. The test for determining the causal relationship between an accident and subsequent medical treatment is whether the evidence proves that it was more probable than not that the subsequent medical treatment was necessitated by the trauma suffered in the accident. See Dominici v. Wal-Mart Stores, Inc., 606 So. 2d 555 (La. App 4th Cir. 1992).

In addition, the opinion of the treating physician who has been in close contact with the patient over a long period of time is entitled to greater weight than that of an equally well qualified physician who has not had the benefit of close and frequent contact and examination. Sam v. Kendrick, 318 So.2d 635 (La. Ct. App. 3d Cir. 1975); see also Nixon v. Pittsburg Plate Glass Co., 161 So. 2d 361 (La. Ct. App. 3d Cir. 1964), writ refused, 246 La. 85, 163 So. 2d 359 (1964); D'Avy v. Bituminous Cas. Co., 255 So. 2d 645 (La. Ct. App. 3d Cir. 1971).

XVIII.

### RUN DA EXPRESS, INC. LIABILITY

Louisiana Civil Code Article 2320, states that "an employer is strictly liable for damage caused by its employees in the performance of the functions in which they are employed." An employer can be held liable for an employee's tortious conduct if the injuring employee is acting within the course and scope of his employment". Ellender v. Neff Rental, Inc., App. 1 Cir.2007, 965 So.2d 898, 2006-2005 (La.App. 1 Cir. 6/15/07).

At the time of the collision, Defendant Pan was an employee and/or agent of Defendant Express and was acting within the course and scope of his employment and/or agency relationship on behalf of Defendant Express at the time of the collision that is the subject of this petition. That is, Defendant Pan was acting in furtherance of the business of his employer and/or master. Therefore, Defendant Express is vicariously liable to Plaintiff for the negligent acts and/or omissions of its employee/agent, Defendant Pan and for negligent training, hiring, and supervision.

6

2022-03172
J
Section 15

Case 2:22-cv-01676-BWA-KWR   Document 1-2   Filed 06/08/22   Page 7 of 10

FILED
2022 APR 11 P 12:35
CIVIL
DISTRICT COURT

XIX.

## SECURITY NATIONAL INSURANCE COMPANY'S LIABILITY

At the time of the collision in question, Security National Insurance Company was the insurance provider for Defendant Run Da Express, Inc. Security National had in full force and effect a policy of insurance, under the terms, conditions, and promises of which said company assumed liability for damages such as those sued herein by plaintiff, including but not limited to UM, PIP, and medical payments. Security National is contractually obligated and responsible to pay for the harms and damages caused by their insured.

XX.

## DAMAGES OF KANETRA WHYTE

As a result of the herein above-described collision and defendants' negligence, Plaintiff has suffered major property damage as well as serious bodily injury. Plaintiff Whyte sustained multilevel lumbar facet arthropathy, cervical spine facet arthropathy, bilateral sacroiliitis, and a right shoulder sprain when her vehicle was struck by the 18-wheeler driven by Defendant Pan.

At all times herein mentioned Plaintiff's vehicle was operated in a reasonable and prudent manner with due caution and regard for the motor vehicle laws of the State of Louisiana. Plaintiff Whyte is entitled to recover from Defendants such general and special damages as are reasonable in the premises. Any other damages will be shown at trial of this case.

In the instant case, the Plaintiff, Ms. Whyte, has sustained various physical injuries. The driver's negligent operation of the 18-wheeler is the cause of her physical and mental injuries. The defendant driver had a duty to operate his semi-truck and trailer in a safe and reasonable manner. The defendant deviated from that standard of care when he recklessly drove into the side of Ms. Whyte's vehicle and then proceeded to drag it for a significant distance

**WHEREFORE**, Petitioner, KANETRA WHYTE, prays that defendants SECURITY NATIONAL INSURANCE COMPANY, SHIXIN PAN, AND RUN DA EXPRESS, INC., be duly cited and served with a copy of this *Petition for Damages*, and after due proceedings, there be a judgment in favor of Petitioner, KANETRA WHYTE, and against defendants, SECURITY NATIONAL INSURANCE COMPANY, SHIXIN PAN, AND RUN DA EXPRESS, INC., for all amounts commensurate with plaintiff's damages, together with legal interest thereon from the date of judicial demand until paid, for all costs of these proceedings, for all expert fees, penalties, attorney fees, and for all general and equitable relief deemed proper and reasonable by this Honorable Court.

Case 2:22-cv-01676-BWA-KWR Document 1-2 Filed 06/08/22 Page 8 of 10
2022-03172

J

Section 15

FILED
2022 APR 11 P 12:35
CIVIL
DISTRICT COURT

RESPECTFULLY SUBMITTED,

*Marc J. Hoerner Jr.*

MARC J. HOERNER JR. (No. 37470)
DEFENSE ON DEMAND, LLC
2483 Burgundy St.
New Orleans, LA 70117
Telephone: 504-388-6480
Facsimile: 504-467-0841
Email: mhoerner@defenseondemand.org

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically served a true and correct copy of the foregoing to:

| | |
|---|---|
| **Mark Sitler**<br>**AmTrust Financial Services, Inc.**<br>*Claims Representative III – Trucking Claims*<br>P.O. Box 89453<br>Cleveland, OH 44101<br>O: 214.360.8349<br>F: 678.258.8395<br>mark.sitler@amtrustgroup.com | |
| | |

This 11th day of **April 2022.**

8

Case 2:22-cv-01676-BWA-KWR   Document 1-2   Filed 06/08/22   Page 9 of 10

2022-03172

J
Section 15

FILED
2022 APR 11  P 12:35
CIVIL
DISTRICT COURT

## VERIFICATION

BEFORE ME, the undersigned authority personally appeared:

### SHIXIN PAN

who after being duly sworn, did depose and state that she participated in the preparation of and has read the Answer to the Petition for Damages and that same are true and correct according to her knowledge, information, and belief.

_____, Louisiana, this \_\_\_\_ day of _____ 2022.

_____
SHIXIN PAN

Sworn to and Subscribed

Before Me, on This _____ day of _____ 2022

_____
Notary Public Name

_____
Notary Public Signature

2022-03172

**J**

Section 15

**PLEASE SEREVE:**

Security National Insurance Company
*Through the Louisiana Secretary of State*
8585 Archives Avenue
Baton Rouge, Louisiana, 70809

<u>**PLEASE PREPARE CITATION AND PETITION FOR SERVICE PURSUANT TO LOUISIANA'S LONG ARM STATUTE**</u>:

Shixin Pan
6786 Monarch Way
Riverside, California, 92509

Run Da Express, Inc.
3039 San Ignacio
El Monte, California, 91732

**\*\*END OF DOCUMENT\*\***